1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

11  PATRICK DANG, on behalf of himself and all          Case No.: 5:12-cv-5481 EJD
    others similarly situated,
12                                                       **STIPULATED PROTECTIVE ORDER**
                    Plaintiff,
13
14              v.

15  SAN FRANCISCO FORTY NINERS, LTD., et
    al.
16
                    Defendants.
17

18  **1.      PURPOSES AND LIMITATIONS**

19          Disclosure and discovery activity in this action are likely to involve production of

20  confidential, proprietary, or private information for which special protection from public disclosure

21  and from use for any purpose other than prosecuting this litigation may be warranted.

22  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

23  Protective Order.  The parties acknowledge that this Order does not confer blanket protections on

24  all disclosures or responses to discovery and that the protection it affords from public disclosure

25  and use extends only to the limited information or items that are entitled to confidential treatment

26  under the applicable legal principles.  The parties further acknowledge, as set forth in Section 14.3,

27  below, that this Stipulated Protective Order does not entitle them to file confidential information

28  under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be

followed and the standards that shall be applied when a party seeks permission from the court to file material under seal.

**2.    DEFINITIONS**

2.1.    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2.    Confidential Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including competitively sensitive information, non-public licensing and royalty information, pricing strategies and analyses, budgets, financial information, business and/or market forecasts, strategic plans and documents discussing or analyzing competitive strategies, and confidential research and development efforts.

2.3.    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff, including paralegals, secretaries, law clerks, and investigators).

2.4.    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.5.    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, documents, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6.    Expert and/or Consultant: a person with specialized knowledge or experience in a matter pertinent to the litigation, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.7.    Field:  the industry or profession relating to the license, production, or manufacture of apparel or any other licensed consumer product.

2.8.    House Counsel: attorneys employed by a Party to perform legal functions who are actively involved in assisting with this litigation, along with their paralegals, staff, and other support personnel.

2.9.    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10.    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11.    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12.    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13.    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14.    Protected Material: any Disclosure or Discovery Material that is designated as "Confidential."

2.15.    Receiving Party: a Party whose Outside Counsel of Record receives Disclosure or Discovery Material from a Producing Party.  However, the Plaintiff, putative class members, and officers and employees of the Defendants are authorized to receive and/or use Protected Material from another Party only to the extent expressly authorized in Paragraph 7.2.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a

Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.      DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.      DESIGNATING PROTECTED MATERIAL**

5.1.      <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. By designating a document, material, testimony, or other information as "confidential", the party making the designation is certifying that there is a good faith basis for the designation. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.  If it comes to a

Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2.   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (*see, e.g.*, sections 5.2(b) and 5.3 below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings)</u>, that the Producing Party affix the legend "CONFIDENTIAL" on the first page of each document and on each page that contains Protected Material.  A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed Confidential.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to the first page of each document and on each page that contains Protected Material.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that a Party, or a Non-Party that sponsors, offers, gives, or elicits the testimony, designate any portion of the testimony as "CONFIDENTIAL," either on the record before the deposition is concluded, or in writing on or before the later of (i) fourteen days after the final transcript is received or (ii) the date by which any review by the witness and corrections to the transcript are to be completed under Fed. R. Civ. P. 30(e).  After that time, only those portions of the testimony that are designated for protection in accordance with the

preceding sentence shall be covered by the provisions of this Stipulated Protective Order. The entire testimony shall be deemed to have been designated Confidential until the time within which the transcript may be designated has elapsed.  If testimony is not designated within the prescribed time period, then such testimony shall not be deemed Confidential except as ordered by the Court.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.

Transcripts containing Protected Material must be so designated by the court reporter, who must affix to the cover and to each page containing such material the legend "CONFIDENTIAL," as instructed by the Party or nonparty sponsoring, offering, giving or eliciting the witness' testimony.  All videotapes of depositions shall be clearly labeled "CONFIDENTIAL" pursuant to this Protective Order until the time period prescribed in section 5.2(b) has elapsed, and thereafter if any portion of the transcript has been designated as Confidential.

(c) for information produced in some form other than documentary (e.g., electronic or video format), and for any other tangible items, that the Producing Party designate in a cover letter accompanying the production, and where feasible, affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."

(d) for written discovery responses, that the Producing Party mark with the appropriate designation both (i) the first or cover page and (ii) each page containing confidential material.

5.3.    Inadvertent Failures to Designate.  If corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Should a Producing Party discover that it produced Confidential Information or Items that were not designated as Protected

Material, the Producing Party may notify all Parties, in writing, of the error and identify (by bates number or other individually identifiable information) the affected documents and their new designation.  Thereafter, the material so designated shall be treated as Protected Material. Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation.  The Receiving Party shall replace the incorrectly designated material with the newly designated materials and shall destroy the incorrectly designated materials.  If material is re-designated as "Confidential" after the material was initially produced, the Receiving Party, upon notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4.   Materials From the *American Needle* Litigation.  Documents, deposition transcripts, and other materials produced in this Litigation that were designated in *American Needle, Inc. v. New Orleans Louisiana Saints*, No. 04-cv-7806 (N.D. Ill.) with "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "OUTSIDE COUNSEL ONLY" designations are deemed to be Confidential Information pursuant to the terms of this Order, are hereby designated as Protected Material under this Order, and shall be treated as such – and, as a result, a Producing Party may produce materials from *American Needle* without having to change or redo the existing *American Needle* designations.  Nothing in this Protective Order supersedes or affects the applicability of the Protective Order in the *American Needle* proceeding as applied to any materials produced in that case; however, this Stipulated Protective Order shall establish the scope of authorized use and disclosure of documents produced in this case, including any documents previously produced in *American Needle*.

6.   **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1.   Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

1    challenge a confidentiality designation by electing not to mount a challenge promptly after the

2    original designation is disclosed.

3            6.2.    <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's

4    confidentiality designation must do so in good faith.  The Challenging Party shall initiate the

5    dispute resolution process by providing written notice of each designation it is challenging and

6    describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been

7    made, the written notice must recite that the challenge to confidentiality is being made in

8    accordance with this specific paragraph of the Protective Order.  A Party may also, or in the

9    alternative, request that a Designating Party narrow its designation of a particular item to identify

10   only more limited portions as Confidential, thus permitting free use and disclosure of the remaining

11   portions.  The parties shall attempt to resolve each challenge in good faith and must begin the

12   process by conferring directly (in voice to voice dialogue; other forms of communication are not

13   sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party

14   must explain the basis for its belief that the confidentiality designation was not proper and must

15   give the Designating Party an opportunity to review the designated material, to reconsider the

16   circumstances, and, if no change in designation is offered, to explain the basis for the chosen

17   designation.  A Challenging Party may proceed to the next stage of the challenge process only if it

18   has engaged in this meet and confer process first or establishes that the Designating Party is

19   unwilling to participate in the meet and confer process in a timely manner.  The Designating Party

20   must make itself available to begin this discussion within seven (7) days of receipt of the notice of

21   challenge, and the parties shall have fourteen (14) days from the initial notification of a challenge

22   to complete this meet-and-confer process.

23           6.3.    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court

24   intervention, the Designating Party shall file and serve a motion to retain confidentiality under

25   Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if

26   applicable) within 21 days of the initial notice of challenge or within 14 days of the parties

27   agreeing that the meet and confer process will not resolve their dispute, whichever is later.  Each

28   such motion must be accompanied by a competent declaration affirming that the movant has

complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  A motion challenging a confidentiality designation must address the Designating Party's articulated basis for maintaining its designation, as revealed in the meet-and-confer discussion, and set forth the challenging party's good-faith basis for contesting that position.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expense and burden on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

In the event that the final ruling is that the challenged material is not confidential, the Designating Party shall reproduce copies of all materials with their designations adjusted in accordance with the ruling within thirty (30) days at the expense of the Designating Party.

## 7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.   <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

1    Protected Material must be stored and maintained by a Receiving Party at a location and in

2   a secure manner that ensures that access is limited to the persons authorized under this Order.  For

3   purposes of this Order, a secure website, or other internet-based document depository with

4   adequate security, shall be deemed a secure location.

5    7.2.    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered

6   by the court or permitted in writing by the Designating Party, Counsel for a Receiving Party may

7   disclose any information or item designated "CONFIDENTIAL" only to:

8    (a) the Receiving Party's Outside Counsel of Record in this action;

9    (b) House Counsel;

10    (c) Outside experts and/or consultants with respect to each of whom (1) disclosure is

11   reasonably necessary for this litigation, and (2) an "Acknowledgment and Agreement to Be

12   Bound" (Exhibit A) has been signed and provided to Outside Counsel of Record for the

13   Party retaining the expert/consultant, provided that, for information designated

14   "CONFIDENTIAL" by a Party in the Field, such expert and/or consultant is not a current

15   officer, director, or employee of a Party in the Field or of any past, present, or likely future

16   competitor, licensor, or licensee of a Party in the Field, nor anticipated at the time of

17   retention to become an officer, director, or employee of a Party in the Field or of any past,

18   present, or likely future competitor, licensor, or licensee of a Party in the Field.

19    (d) The Court in this action or any court hearing an appeal from a judgment or order

20   rendered by the Court in this action, and court personnel;

21    (e) court reporters and their staff to whom disclosure is reasonably necessary for this

22   litigation and who have signed the "Acknowledgment and Agreement to Be Bound"

23   (Exhibit A);

24    (f) professional jury or trial consultants, mock jurors, and Professional Vendors to

25   whom disclosure is reasonably necessary for this litigation and who have signed the

26   "Acknowledgment and Agreement to Be Bound" (Exhibit A)

27    (g) during their depositions, witnesses in the action to whom disclosure is

28   reasonably necessary for this litigation and who have signed the "Acknowledgment and

Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court, and provided that counsel for the Designating Party shall first be shown a copy of the document (or, if the Confidential information is to be disclosed orally, told of its content) and be given an opportunity to object (and, in sufficiently extreme circumstances, adjourn the deposition to seek a protective order) on the ground that disclosure to the witness would threaten severe harm to the Designating Party;

(h) Actual or potential fact witnesses (i) who are currently employed by the Producing Party, (ii) who were employed by the Producing Party at the time the Material was created, (iii) who authored or received the Material, or (iv) who are custodians of the Material without violating the terms of this Protective Order;

(i) The direct staff of, and any contract support personnel employed or retained by, the persons listed in Paragraph 7.2(a), (b), (c), (d), and (e), provided that such persons are actively involved in assisting with the prosecution or defense of this Litigation, and who shall be bound by the retention obligations set forth in Section 7.4 for the person(s) they are supporting;

(j) Any arbitrator, mediator, neutral, or other person retained or engaged by the parties as part of any alternative dispute resolution mechanism for this action; and

(k) Such other persons to whom the Producing Party agrees, in writing, disclosure is appropriate.

7.3.    Retention of Exhibit A.  Outside Counsel of Record for the Party that obtains a signed "Acknowledgment and Agreement to Be Bound" (Exhibit A), as required above, shall retain it for one year following the final termination of this action, including any appeals, and shall make it available to other Parties upon good cause shown.

7.4.    Retention of Protected Material.  Any person who obtains Protected Material pursuant to Paragraph 7.2(c) and (e) shall retain all designated materials in a secure manner until his or her duties are completed, at which time the designated materials shall be returned to counsel who provided them or shall be destroyed.

Persons who have been shown Protected Material pursuant to Section 7.2(f), (g), and (h) shall not retain copies of such Protected Material.

7.5.  Application of Protective Order.  Each person given access to Protected Material shall be advised that the material is being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed or used other than as set forth in this Protective Order. Before any person is shown any Protected Material, that person must be shown a copy of this Protective Order and instructed that he or she is bound by its provisions; *provided that* this requirement does not apply to Outside Counsel of Record or to the court or court personnel in this action, including any appeals.

**8.  PROTECTED MATERIAL REQUESTED, SUBPOENAED, OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a discovery request, a subpoena, or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing (by electronic mail or fax, if possible) the Designating Party.  Such notification shall include a copy of the discovery request, subpoena, or court order;

(b) promptly notify in writing (by electronic mail or fax, if possible) the party who caused the discovery request, subpoena, or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these

1  provisions should be construed as authorizing or encouraging a Receiving Party in this action to

2  disobey a lawful directive from another court.

3  **9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN**

4  **THIS LITIGATION**

5        (a)  The terms of this Order are applicable to information produced by a Non-Party in this

6  action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in

7  connection with this litigation is protected by the remedies and relief provided by this Order.

8  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking

9  additional protections.

10        (b)  In the event that a Party is required, by a valid discovery request, to produce a Non-

11  Party's confidential information in its possession, and the Party is subject to an agreement,

12  including a protective order, with the Non-Party not to produce the Non-Party's confidential

13  information, then the Party shall:

14              (1)  promptly notify in writing the Requesting Party and the Non-Party that some or

15  all of the information requested is subject to a confidentiality agreement with a Non-Party;

16              (2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order

17  in this litigation, the relevant discovery request(s), and a reasonably specific description of the

18  information requested; and

19              (3)  make the information requested available for inspection by the Non-Party.

20        (c)  If the Non-Party fails to object or seek a protective order from this court within 21 days

21  of receiving the notice and accompanying information, the Receiving Party may produce the Non-

22  Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks

23  a protective order, the Receiving Party shall not produce any information in its possession or

24  control that is subject to the confidentiality agreement with the Non-Party before a determination

25  by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense

26  of seeking protection in this court of its Protected Material.

27

28

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.  Nothing in this paragraph shall limit the ability of the Designating Party to seek other appropriate remedial measures and/or sanctions for such unauthorized disclosure .

**11.    PRIVILEGED OR SIMILARLY PROTECTED MATERIAL**

Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, testimony, information, and/or thing, whether inadvertent or otherwise, is not, in and of itself, a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**12.    USE OF PROTECTED MATERIAL IN OPEN COURT**

If a Party intends to disclose the content of Protected Material during a hearing, at trial, or otherwise in open court, it shall first provide at least five days' written notice to the Designating Party, identifying with specificity the Protected Material (and, where practicable, the specific

content of that material) that may be disclosed.  The Designating Party may promptly apply to the Court for such measures as may be appropriate for the protection of the Protected Material, and no public disclosure of the Protected Material may be made until the Court rules on that application.

**13.     ATTORNEY RENDERING ADVICE**

Nothing in this Protective Order shall bar or otherwise restrict an attorney from rendering advice to his or her client with respect to this matter or from relying upon or generally referring to "CONFIDENTIAL" Disclosure or Discovery Material in rendering such advice; provided however, that in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content thereof if such disclosure is not otherwise permitted under this Protective Order.

**14.     MISCELLANEOUS**

14.1.    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2.    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3.    <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action, including any appeals, any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and General Order 62.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied by the court, then the Receiving Party may file the

1  information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed

2  by the court.

3       14.4.   <u>Parties May Use Their Own Confidential Material</u>.  Nothing in this Order shall

4  affect a Party's use or disclosure of its own Discovery Material in any way.

5  **15.    FINAL DISPOSITION**

6       Unless otherwise ordered or agreed in writing by the Producing Party, within 60 days after

7  the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all

8  Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all

9  Protected Material" includes all copies, abstracts, compilations, summaries, and any other format

10  reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned

11  or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if

12  not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies

13  (by category, where appropriate) all the Protected Material that was returned or destroyed and (2)

14  affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or

15  any other format reproducing or capturing any of the Protected Material.  Notwithstanding this

16  provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial,

17  deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits,

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

1  expert reports, attorney work product, and consultant and expert work product, even if such

2  materials contain Protected Material.  Any such archival copies that contain or constitute Protected

3  Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

4        **IT IS SO STIPULATED.**

5  DATED:  March 19, 2014          By:           */s/ Roy A. Katriel*

6                                           Roy A. Katriel

7                                Roy A. Katriel (SBN 265463)
    THE KATRIEL LAW FIRM

8      4225 Executive Square, Suite 600
    La Jolla, CA 92037

9      (858) 242-5642 (telephone)
    (858) 430-3719 (facsimile)

10      rak@katriellaw.com

11      Ralph B. Kalfayan (SBN 133464)
    KRAUSE KALFAYAN BENINK

12      & SLAVENS LLP
    550 West C Street, Suite 530

13      San Diego, CA  92101
    (619) 232-0331 (telephone)

14      (619) 232-4019 (facsimile)
    ralph@kkbs-law.com

15      *Counsel for Plaintiff Patrick Dang*

16

17  DATED:  March 19, 2014          By:           */s/ Derek Ludwin*
                              Derek Ludwin (*pro hac vice*)

18      Gregg H. Levy (*pro hac vice*)

19      Derek Ludwin (*pro hac vice*)
    COVINGTON & BURLING LLP

20      1201 Pennsylvania Avenue, NW
    Washington, DC  20004

21      (202) 662-6000 (telephone)
    (202) 662-6291(facsimile)

22      glevy@cov.com
    dludwin@cov.com

23      Sonya D. Winner (Bar No. 200348)

24      COVINGTON & BURLING LLP
    One Front Street

25      San Francisco, CA  94111
    (415) 591-6000 (telephone)

26      (415) 955-6921 (facsimile)
    swinner@cov.com

27      *Counsel for the NFL Defendants*

28

DATED:  March 19, 2014                    By:     _/s/ Timothy B. Hardwicke_
                                                  Timothy B. Hardwicke (*pro hac vice*)

                                          Timothy B. Hardwicke (*pro hac vice*)
                                          Michael Nelson (*pro hac vice*)
                                          LATHAM & WATKINS LLP
                                          233 South Wacker Drive
                                          Suite 5800
                                          Chicago, IL  60606
                                          (312) 876-6000 (telephone)
                                          (312) 993-9767 (facsimile)
                                          tim.hardwicke@lw.com
                                          michael.nelson@lw.com

                                          Joshua N. Holian (Bar No. 211772)
                                          Svetlana M. Berman (Bar No. 239445)
                                          LATHAM & WATKINS LLP
                                          505 Montgomery Street, Suite 2000
                                          San Francisco, CA  94111
                                          (415) 395-8893 (telephone)
                                          (415) 395-8095 (facsimile)
                                          joshua.holian@lw.com
                                          svetlana.berman@lw.com

                                          *Counsel for Defendant Reebok International
                                          Ltd.*

Attestation: The filer of this document attests that the concurrence of the signatories thereto has been

obtained.


**PURSUANT TO STIPULATION, IT IS SO ORDERED.**


DATED: __May 20, 2014__        _____Paul S. Grewal_____
                               Hon. ~~Edward J. Davila~~ Paul S. Grewal
                               United States ~~District~~/Magistrate Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California in the case of *Patrick Dang v. San Francisco Forty Niners, Ltd., et al.*, No. 5:12-cv-5481 EJD.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I shall not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____