UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL VILLA, On Behalf of Himself And All Others Similarly Situated,<br><br>                Plaintiff,<br><br>        v.<br><br>SAN FRANCISCO FORTY-NINERS, LTD., et al.,<br><br>                Defendants. | Case No.  5:12-CV-05481-EJD<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**[Re: Dkt. No. 82]** |

Plaintiff Michael Villa ("Villa" or "Plaintiff") brings this putative class action against the National Football League ("NFL"), National Football League Properties ("NFLP"), 30 of the NFL's member teams, and Reebok International, Ltd. ("Reebok") (collectively, "Defendants"). Plaintiff Villa alleges that Defendants have engaged in anticompetitive behavior and entered into agreements in violation of California and federal antitrust laws.  The alleged unlawful conduct comprises agreements related to the licensing of the NFL's and its teams' intellectual property for use in apparel intended for the consumer retail market.  Villa now moves for Partial Summary Judgment as to liability on Counts I through III of his complaint.  For the reasons explained below, Plaintiff's Motion for Partial Summary Judgment is DENIED without prejudice.

**I.      BACKGROUND**

Plaintiff Patrick Dang initially filed suit on behalf of himself and a putative class of California indirect purchasers in October 2012.  Original Complaint, Docket Item No. 1.  (Count

1

IV, which was not the subject of this motion, was filed on behalf of a nationwide class. Id.) In June 2014 Plaintiffs amended their complaint to add Michael Villa as a Plaintiff and class representative. First Amended Complaint ("FAC") ¶ 1, Docket Item No. 66. Except to add Villa, the complaints are identical. Villa alleges an exclusive licensing agreement between the individual NFL team defendants and NFLP violates California's Cartwright Act, California's Unfair Competition Law, and the federal Sherman and Clayton Acts. FAC ¶ 1, Dkt. No. 66. Plaintiff Villa named 30 NFL teams or their corporate entities as Co-Defendants for having been parties to this agreement.[1] FAC ¶¶ 6-35, Dkt. No. 66. In Count I Plaintiff alleges that a horizontal agreement between the NFL teams, NFLP, and the NFL violated the Cartwright Act. FAC ¶¶ 87-95, Dkt. No. 66. In Count II, Villa alleges a vertical agreement between all individual NFL team defendants, NFLP, the NFL, and Reebok also violates the Cartwright Act. FAC ¶¶ 96-102, Dkt. No. 66. In Count III, Plaintiff alleges a violation of California's Unfair Competition Law against all defendants. FAC ¶¶ 104-108, Dkt. No. 66.

The NFL Defendants moved to dismiss for failure to state a claim in February 2013, which the Court denied in August 2013. Dkt. Nos. 29, 38. Reebok and the NFL Defendants subsequently answered the Complaint in August 2013. Dkt. Nos. 42, 43. The NFL Defendants moved for partial judgment on the pleadings in March 2014. Dkt. No. 51. The NFL Defendants and Reebok answered the First Amended Complaint in June 2014. Dkt. Nos. 69, 70. After the Court approved a motion to apply the pending motion for judgment on the pleadings to the newly filed First Amended Complaint, Dkt. No. 72, the Court denied judgment on the pleadings in August 2014. Dkt. No. 79. On the same day, the claims of initial plaintiff Dang were voluntarily dismissed without prejudice. Dkt. No. 80. Villa, however, continued ahead as the named plaintiff and putative Class Representative in Dang's place.

In September 2014, Villa filed the instant motion for partial summary judgment ("Pl. Mot. Summ. J."). Dkt. No. 83. Two days later, Villa moved for class certification ("Pl. Mot. Class Certification"). Dkt. No. 88. The NFL Defendants and Reebok filed their response brief ("Def.

---

[1] The Complaint names every NFL team except the Baltimore Ravens and Chicago Bears as defendants. FAC ¶¶ 6-35, Dkt. No. 66.

2
Case No. 5:12-CV-05481-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

1  Opp'n. Summ. J.") in October 2014. Dkt. No. 102. Plaintiffs filed their reply brief ("Pl. Reply")
2  in November 2014. Dkt. No. 107. The matter was argued before the Court and submitted for
3  decision on January 22, 2015. Dkt. No. 131.

## II. LEGAL STANDARD

A motion for summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). The moving party bears the initial burden of informing the court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets this initial burden, the burden then shifts to the non-moving party to go beyond the pleadings and designate specific materials in the record to show that there is a genuinely disputed material fact. Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 324. The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

However, the mere suggestion that facts are in controversy, as well as conclusory or speculative testimony in affidavits and moving papers, is not sufficient to defeat summary judgment. See Thornhill Publ'g Co. v. GTE Corp., 594 F.2d 730, 738 (9th Cir. 1979). Instead, the non-moving party must come forward with admissible evidence to satisfy the burden. Fed. R Civ. P. 56(c); see Hal Roach Studios, Inc. v. Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990).

A genuine issue for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); Barlow v. Ground, 943 F.2d 1132, 1134-36 (9th Cir. 1991). Conversely, summary judgment must be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

## III. DISCUSSION

Plaintiff moves for partial summary judgment as to liability. Pl. Mot. Summ. J. 1, Dkt. No. 83. Defendants counter, arguing Plaintiff's motion is procedurally improper prior to class certification under the "one-way intervention" rule. Def. Opp'n Summ. J. 2, Dkt. No. 102. In response, Plaintiff argues Defendants are estopped from making this argument after twice moving themselves to dispose of the lawsuit. Pl. Reply 1, Dkt. No. 1. For the reasons discussed below, the one-way intervention rule applies and the motion must be denied. Because the Court finds motion procedurally improper, the Court declines to address the substantive arguments and will limit the following analysis to the one-way intervention rule.

### A. Federal Rule of Civil Procedure 23(c) and One-Way Intervention

Defendants argue the Court cannot rule on a dispositive motion until a class is certified and notice is distributed. Def. Opp'n Summ. J. 2, Dkt. No. 102. While district courts typically rule on class certification first, Rule 23 and its sub-rules are flexible and do not preclude summary judgment prior to class certification. Wright v. Schock, 742 F.2d 541, 543 (9th Cir. 1984) (explaining that the rules deliberately avoid a mechanical approach). The federal rules do establish, however, that a district court must rule on class certification as soon as "practicable." Fed. R. Civ. P. 23(c)(1). The Ninth Circuit in Wright said the use of the word "practicable" is a signal to judges to "weigh the particular circumstances of particular cases and decide concretely what will work." Id. (citations omitted). As a companion to Rule 23(c)(1), Rule 23(c)(2) prescribes the distribution of notice to all Rule 23(b)(3)[2] class members who are identifiable through reasonable effort.[3] Fed. R. Civ. P. 23(c)(2). This rule exists in part to protect defendants from unfair "one-way intervention," where the members of a class not yet certified can wait for the court's ruling on summary judgment and either opt in to a favorable ruling or avoid being bound by an unfavorable one. American Pipe & Const. Co. v. Utah, 414 U.S. 538, 547 (1974)

---

[2] Rule 23(b)(3) authorizes certification when the court finds the questions of law or fact common to all class members predominate over any individual questions, and that a class action is superior to other available methods for adjudicating the controversy. Fed. R. Civ. P. 23(b)(3).

[3] Plaintiff has filed for class certification under Rules 23(b)(2) and 23(b)(3). Pl. Mot. Class Cert. 24, Dkt. No. 88.

4
Case No. 5:12-CV-05481-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

1 (explaining the rule was amended to remedy this "recurrent source of abuse"); see also

2 Schwarzschild v. Tse, 69 F.3d 293, 295 (9th Cir. 1995).  The doctrine is "one-way" because a

3 plaintiff would not be bound by a decision that favors the defendant but could decide to benefit

4 from a decision favoring the class.  Id.  After amendment, the rule no longer left defendants

5 vulnerable, as the California Supreme Court has vividly analogized, to "being pecked to death by

6 ducks."  Fireside Bank v. Super. Ct., 40 Cal.4th 1069, 1078 (2007) (discussing class action

7 devices including Fed. R. Civ. P. 23).  "One plaintiff could sue and lose; another could sue and

8 lose; and another and another until one finally prevailed; then everyone else would ride on that

9 single success."  Id.  This doctrine continues to be applied by courts in the Ninth Circuit.  See,

10 e.g., Centeno v. Quigley, No. 14-CV-00200-MJP, 2015 WL 432537, at *2-3 (W.D. Wash. Feb. 2,

11 2015) (Pechman, C.J.); Khasin v. Hershey Co., No. 12-CV-01862-EJD, 2014 WL 1779805, at *2-

12 3 (N.D. Cal. May 5, 2014) (Davila, J.); Corns v. Laborers Int'l Union of N. Am., No. 09-CV-

13 04403-YGR, 2014 WL 1319363, at *4 (N.D. Cal. March 31, 2014) (Gonzalez Rogers, J.).

14 Here, Defendants face the exact one-sided risk that prompted changing the rule.  See

15 American Pipe, 414 U.S. at 547; accord Schwarzschild v. Tse, 69 F.3d at 295.  The Court has not

16 yet ruled whether to certify Plaintiff's proposed class under Fed. R. Civ. P. 23.  See Dkt. No. 88.

17 Therefore, Plaintiff's motion for partial summary judgment, if unsuccessful, would not prevent

18 putative class members from filing their own suits with hope for a more favorable ruling.  This is

19 the very "one-way intervention" problem warned of in the cases cited supra.  Accordingly, the

20 one-way intervention rule applies and Plaintiff's motion must be denied.

21 **B.  Defendants' Motions Under Rules 12(b)(6) and 12(c) and Waiver**

22 One-way intervention notwithstanding, Plaintiff argues that Defendants waived the right to

23 invoke this doctrine "by twice having moved themselves (unsuccessfully) to resolve this case on

24 the merits prior to class certification."  Pl. Reply 1, Dkt. No. 107.  Plaintiff refers the Court to

25 Defendants' Motion to Dismiss (under Rule 12(b)(6)) and Defendants' Motion for Partial

26 Judgment on the Pleadings (Rule 12(c)), which both test the sufficiency of the complaint.[4]  Dkt.

---

[4] See Pillsbury, Madison & Sutro v. Lerner, 31 F.3d 924, 928 (9th Cir. 1994) (giving the standard applied under Rule 12(b)(6)); Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd., 132

United States District Court
Northern District of California

Nos. 29, 51. However, Plaintiffs do not cite any judicial decisions applying waiver to one-way intervention under an analogous set of facts.

Courts have clearly emphasized that one-way intervention is implicated during the determination of liability stage. See American Pipe, 414 U.S. at 547 ("members of the claimed class could in some situations await developments in the trial or even final judgment on the merits. . . . [I]f a judgment precluded the possibility of a favorable determination, such putative members . . . would not be bound"); accord Schwarzschild, 69 F.3d at 295 ("the Advisory Committee on Federal Rules concluded that class members should be brought in prior to the determination of defendant's liability") (emphases added). The same reasoning was employed in Williams v. Lane, 129 F.R.D. 636, 647 (N.D. Ill. 1990), which Plaintiff cites in support. "[B]y proceeding as they did to a full adjudication of the merits of their liability, defendants implicitly waived the right to complain about improper certification." Id. (emphasis added). Here, at the partial summary judgment stage, the one-way intervention rule is clearly applicable.

Plaintiff argues that Rule 12 motions are "judgment[s] on the merits," Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398 n. 3 (1981), and therefore Defendants waived their procedural protections by filing motions under that rule. Pl. Reply at 1, Dkt. No. 107. However, this interpretation would represent a significantly broader holding than the authorities discussed above, and Plaintiff's cited cases are unpersuasive. In Khasin, the plaintiff raised one-way intervention in an attempt to bar defendant's motion for summary judgment – the exact opposite of the instant case. 2014 WL 1779805, at *2-*3. The Court found nothing prevented a defendant from waiving its one-way intervention protection by choosing to move for summary judgment. Id. at *3. Here, this is not a choice Defendants have made, instead urging the Court to wait until after class certification is decided. Def. Opp'n Summ. J. 2, Dkt. No. 102. Khasin, then, merely confirms a defendants' right to "take its chances on stare decisis rather than res judicata." Schwarzschild, 69 F.3d at 297 (citation omitted). Plaintiff's other case in support, partially addressed supra, is Williams. 129 F.R.D. at 647. There, strikingly dissimilar to the instant facts,

---

F.3d 526, 529 (9th Cir. 1997) (giving the standard for Rule 12(c)).

the Illinois district court explained that Rule 23(b)(2) certification had already taken place and the parties had already proceeded to a full determination of liability before one-way intervention was raised. Id. at 646. The Williams court was reluctant to grant defendants "a second bite of the apple" after having lost on the issue of liability. Id. at 647. Unlike the defendant in Williams, Defendants here have not "willingly waived protection of the bar against one-way intervention," nor have they "agreed to be bound by the adverse judgment as to all class members who did not opt out."[5] Id.

The Ninth Circuit's holding in Schwarzschild was clearly limited to occasions when defendants intentionally assume the risk: "[The rationale for a one-way intervention rule] disappears when the defendant himself moves for summary judgment before a decision on class certification. In such a situation, . . . only the slender reed of stare decisis stands between [the defendant] and the prospective onrush of litigants." 69 F.3d at 297 (citations omitted). As the only Ninth Circuit decision addressing how a defendant might waive one-way intervention, this Court is bound to follow it, and Plaintiff's motion is accordingly denied.

## IV. CONCLUSION

For the foregoing reasons, the motion is DENIED without prejudice.

**IT IS SO ORDERED**.

Dated: May 13, 2015

EDWARD J. DAVILA
United States District Judge

---

[5] A closer look at Williams further illustrates the stark differences: "Instead of insisting on prejudgment notice, defendants sat on their hands hoping to obtain a favorable judgment on the merits." Id. at 648. Calling this attempt an "abysmal[]" failure, the court continued, "To allow defendants to defeat the class members' damage claims on the ground they now advance would make a mockery of the tortuous proceedings in this case over the past nine years." Id. at 648-49.

7
Case No. 5:12-CV-05481-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT