Roy A. Katriel (SBN 265463)
THE KATRIEL LAW FIRM
4225 Executive Square, Suite 600
La Jolla, California 92037

Telephone: (858) 350-4342
Facsimile: (858) 430-3719
E-mail: rak@katriellaw.com

*Attorney for Michael Villa*

*[additional counsel listed on signature page]*

Sonya D. Winner (SBN 200348)
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
E-mail: SWinner@cov.com

Gregg H. Levy (*pro hac vice*)
Derek Ludwin (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 778-5429
E-mail: GLevy@cov.com
E-mail: DLudwin@cov.com

*Attorneys for the NFL, NFL Properties,
and the Individual NFL Clubs*

Timothy Hardwicke (*pro hac vice*)
Katherine S. Walton (*pro hac vice*)
GOODSMITH GREGG & UNRUH LLP
150 S. Wacker Drive, Suite 3150
Chicago, IL 60606
Telephone: (312) 322-1981
Facsimile: (312) 322-0056
E-mail: thardwicke@ggulaw.com
E-mail: kwalton@ggulaw.com

*Attorneys for Reebok International Ltd.*

*[additional counsel listed on signature page]*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL VILLA, on behalf of himself and all others similarly situated,<br><br>        *Plaintiff*,<br><br>  v.<br><br>SAN FRANCISCO FORTY NINERS, LTD., et al.,<br><br>        *Defendants*. | Case No.: 5:12-cv-5481 EJD<br><br>**PROPOSED PRELIMINARY APPROVAL ORDER**<br><br>**Judge:**  **Hon. Edward J. Davila** |

1    Defendants the National Football League ("NFL") the NFL Club Defendants, NFL Properties,

2  Inc. ("NFLP") and Reebok International Ltd. ("Reebok") (collectively "Defendants") and plaintiff

3  Michael Villa ("Plaintiff") have entered into a Class Action Settlement Agreement ("Settlement

4  Agreement") to settle this Action and Plaintiff has filed a Motion for Preliminary Approval ("Motion for

5  Preliminary Approval").  The Settlement Agreement, the exhibits thereto and the exhibits to the Motion

6  for Preliminary Approval, set forth the terms and conditions for a proposed settlement, release, and

7  dismissal with prejudice of this Action.

8    Having reviewed the Settlement Agreement and its exhibits, the Motion for Preliminary

9  Approval and its exhibits, the pleadings and other papers on file in this action, and statements of

10  counsel, the Court finds that the Motion for Preliminary Approval should be GRANTED and that this

11  Preliminary Approval Order should be entered.  Terms and phrases used in this Preliminary Approval

12  Order and not otherwise defined herein shall have the same meanings ascribed to them in the Settlement

13  Agreement.

14     NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

15    1.    The Court preliminarily approves the Settlement Agreement subject to the Fairness

16  Hearing for purposes of deciding whether to enter the Final Approval Order and Final Judgment.

17    2.    For settlement purposes only, the Court conditionally certifies the following Settlement

18  Class:

19    All Persons nationwide who made an Eligible Purchase except for the Excluded Persons.  The

20  term "Eligible Purchase" means a purchase made in California at retail for personal use and not for

21  resale or for other commercial gain, during the Class Period, of a licensed jersey, hat, or pair of shoes

22  bearing the Intellectual Property of the NFL, NFLP and/or an NFL Club or Clubs.  A purchase shall be

23  deemed "made in California" if (a) the purchaser was resident in the State of California at the time of

24  purchase; (b) the purchaser was physically present in the State of California at the time of purchase; or

25  (c) the item was purchased online for delivery to an address in the State of California.

26    3.    Specifically excluded from the Settlement Class are the following Excluded Persons:

27    (a) the Settlement Administrator; (b) the Mediator; (c) any parent, subsidiary, or affiliate or any

28  of the Defendants and their respective officers, directors, agents, or employees as of the date of filing of

the Action; (d) any judge presiding over the Action and his or her immediate family members; and (e) Persons who timely opt out of the Settlement Class by requesting exclusion pursuant to the Settlement Agreement.

4.      For settlement purposes only, conditional class certification is appropriate here because the Court provisionally finds that all four requirements of Rule 23(a) are met and the action also satisfies the requirements of Rule 23(b), as follows:

a.      The proposed class is comprised of many thousands of purchasers of NFL apparel in California.  Thus, "[t]he class is so numerous that joinder of all members is impractical." *See* Fed. R. Civ. P. 23(a)(1).

b.      In the context of the proposed settlement, there are questions of law or fact common to class members, *see* Fed. R. Civ. P. 23(a)(2), because the class members' claims arise from the same allegedly anticompetitive conduct by defendants, allegedly resulting in increased prices for certain kinds of NFL-licensed apparel.  Furthermore, in the settlement context these common questions predominate over any questions affecting only individual members, and the proposed class action settlement is superior to other available methods of adjudication because it allows for efficient resolution of these common issues without unnecessary duplication of litigation.  *See* Fed. R. Civ. P. 23(b)(3).

c.      Plaintiffs' claims are typical of those of the putative class he seeks to represent.  *See* Fed. R. Civ. P. 23(a)(3).  The plaintiff purchased NFL apparel whose price allegedly was increased by defendants' alleged conduct.  Plaintiff's representation of the Settlement Class is appropriate because he seeks similar damages to those asserted by the class members, allegedly flowing from defendants' allegedly anticompetitive conduct and proposes to settle his claims on the same basis as that of other class members.

d.      Plaintiff and his counsel will fairly and adequately protect the interests of the class.  *See* Fed. R. Civ. P. 23(a)(4).  To determine if representation is adequate, the Court must ask "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action

vigorously on behalf of the class?"  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir.1998).  Plaintiff's interests are representative of and consistent with the interests of the proposed Settlement Class—all stand to recover antitrust damages for defendants' allegedly anticompetitive conduct.  Also, Plaintiff's active participation in this litigation demonstrates that he has and will continue to protect the interests of the proposed Settlement Class.  Further, proposed Class Counsel are qualified to pursue litigation of this size, complexity, and scope.

5.      Accordingly, for settlement purposes only, the proposed class will be conditionally certified, the Court preliminarily appoints the Plaintiff as the Class Representative, and the Court preliminarily appoints the following attorneys to act as Class Counsel for the Settlement Class:

Roy A. Katriel (SBN 265463)         Ralph B. Kalfayan (SBN 133464)
THE KATRIEL LAW FIRM                KRAUSE KALFAYAN BENINK
4225 Executive Square, Suite 600    & SLAVENS LLP
La Jolla, CA 92037                  550 West C Street, Suite 530
Telephone: (858) 242-5642           San Diego, CA  92101
Facsimile: (858) 430-3719           Telephone: (619) 232-0331
E-mail: rak@katriellaw.com          Facsimile: (619) 232-4019
                                    E-mail: ralph@kkbs-law.com

6.      The Court expressly reserves the right to determine, should the occasion arise, whether Plaintiff's proposed claims may be certified as a class action for purposes other than settlement, and Defendants hereby retain all rights to assert that Plaintiff's proposed claims may not be certified as a class action except for settlement purposes.

7.      The Court finds that the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant providing notice to the Settlement Class.  The Settlement preliminarily appears fair, non-collusive and within the range of possible final approval.  This determination permitting notice to the Settlement Class is not a final finding, but a determination that there is probable cause to submit the proposed Settlement Agreement to the Settlement Class and to hold a Fairness Hearing to consider the fairness, reasonableness, and adequacy of the proposed Settlement.

8.      The Court schedules a Fairness Hearing on final approval of the Settlement and Settlement Agreement to consider the fairness, reasonableness, and adequacy of the proposed Settlement and whether it should be finally approved by the Court, as well as whether to grant any motion for award

1   of attorneys' fees, reimbursement of costs and expenses, and incentive awards that may be filed by Class

2   Counsel pursuant to the terms of the Settlement Agreement, such Fairness Hearing to take place on

3   November 17, 2016, at 9:00 am.

4          9.      The Court appoints Dahl Administration, LLC to serve as Settlement Administrator and

5   to provide the Settlement Administrator services set forth in and contemplated by the Settlement

6   Agreement.

7          10.     The Court approves the Notice Plan, the content of which is without material alteration

8   from Exhibit 2 attached to the Declaration of Jeffrey Dahl and directs the Settlement Administrator

9   to publish Notice in accordance with the Notice Plan provided for in the Declaration of Jeffrey Dahl.

10         11.     The Court finds the Notice Plan implemented pursuant to the Settlement Agreement (a) is

11   the best practicable notice, (b) is reasonably calculated, under the circumstances, to apprise the

12   Settlement Class of the pendency of the Action and of their right to object to or to exclude themselves

13   from the proposed settlement, (c) is reasonable and constitutes due, adequate and sufficient notice to all

14   persons entitled to receive notice, and (d) meets all requirements of applicable law.

15         12.     The Court orders the Settlement Administrator to file proof of compliance with the

16   Notice Plan at or before the Fairness Hearing.

17         13.     The Court approves the Claim Form, the content of which is without material alteration

18   from Exhibit 1A attached to the declaration of Roy Katriel in support of Preliminary approval, and directs

19   that the Claim Form be available for request (either by letter or telephone) from the Settlement

20   Administrator and downloadable from the Settlement Website.

21         14.     The Court orders that any members of the Settlement Class who wish to receive benefits

22   under the Settlement must sign and return a complete and timely Claim Form in compliance with the

23   process set forth in the Settlement Agreement no later than September 3, 2016.  Any members of the

24   Settlement Class who do not submit a complete, timely, and valid Claim Form in compliance with the

25   Settlement Agreement shall not be entitled to any benefits under the Settlement, but nonetheless shall

26   be barred by the Release provisions of the Settlement Agreement and the Final Order and Final Judgment.

27

28

15.     The Court approves the creation and maintenance of the Settlement Website that shall include, at a minimum, downloadable copies of the Class Notice, Claim Form, and Settlement Agreement and shall be maintained in accordance with terms of the Settlement Agreement.

16.     The Court orders any members of the Settlement Class who wish to exclude themselves from the Settlement Class to submit appropriate, timely requests for exclusion in accordance with the procedures outlined in the Settlement Agreement and Class Notice, postmarked no later than August 19, 2016, or as the Court may otherwise direct, and sent to the Settlement Administrator to the address on the Class Notice.

17.     The Court orders that any member of the Settlement Class who does not submit a timely, written request for exclusion from the Settlement Class (*i.e.*, become an Opt-Out) on or before August 19, 2016, will be bound by all proceedings, orders and judgments in the Action, even if such a member of the Settlement Class has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

18.     The Court orders that any Settlement Class Member who does not become an Opt-Out and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement or Settlement Agreement shall file with the Court and serve on Class Counsel and Defendants' Counsel no later than August 19, 2016 or as the Court may otherwise direct, a statement of the objection signed by the Settlement Class Member containing all of the following information:

(a) the name of the Action; (b) the objector's full name, address and telephone number; (c) a signed declaration that the objector is a member of the Settlement Class and made an Eligible Purchase during the Class Period; (d) the basis upon which the objector claims to be a member of the Settlement Class, including, for each Eligible Purchase, a Proof of Purchase, if any, and all information required by the Claim Form; (e) all grounds for the objection, accompanied by any legal and factual support (including copies of any documents relied upon); (f) whether the objector is represented by counsel, and if so the identity of such counsel; (g) a statement confirming whether the objector intends to personally appear and/or testify at the Fairness Hearing; (h) the identity of any counsel who will appear at the Fairness Hearing on the objector's behalf; (i) a list of any witnesses the objector wishes to call to testify,

or any documents or exhibits the objector or the objector's counsel may use, at the Fairness Hearing; and (j) the objector's signature.

19.     The Court orders that any response to an objection shall be filed with the Court no later than November 10, 2016.

20.     The Court orders that any member of the Settlement Class who does not file a timely written objection to the Settlement or who fails otherwise to comply with the requirements of Paragraph 8.4 of the Settlement Agreement shall be foreclosed from seeking any adjudication or review of the Settlement by appeal or by any other means.

21.     The Court orders that any attorney hired by a member of the Settlement Class for the purpose of objecting to the proposed Settlement, the Attorneys' Fee Award, or the Incentive Award and who intends to make an appearance at the Fairness Hearing to provide to the Settlement Administrator, Class Counsel, and Defendants' Counsel and to file with the Clerk of the Court a notice of intention to appear no later than August 19, 2016 or as the Court may otherwise direct. Counsel who do not adhere to these requirements will not be heard at the Fairness Hearing.

22.     The Court directs the Settlement Administrator to establish a post office box in the name of the Settlement Administrator to be used for receiving requests for exclusion, and any other communications, and providing that only the Settlement Administrator, Class Counsel, Defendants' Counsel, the Court, the Clerk of the Court and their designated agents shall have access to this post office box, except as otherwise provided in the Settlement Agreement.

23.     The Court directs that Class Counsel shall file their applications for the Attorneys' Fee Award and Named Plaintiffs' Incentive Award no later than July 18, 2016, in accordance with the terms set forth in Paragraph 12 of the Settlement Agreement.  An electronic copy of the application shall be posted on the settlement website within two (2) business days after its filing on the Court's electronic docket.

24.     The Court orders the Settlement Administrator to provide the Opt-Out List to Class Counsel and Defendants' Counsel no later than five (5) days after the Objection/Exclusion Deadline, and then file with the Court the Opt-Out List with an affidavit attesting to the completeness and accuracy thereof no later than five (5) days thereafter or on such other date as the Parties may direct.

25.     The Court preliminary enjoins all members of the Settlement Class unless and until they have timely excluded themselves from the Settlement Class from (a) filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims; (b) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims; and (c) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims.  Any person or entity who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by Defendants and/or any other Released Person and Class Counsel as a result of the violation.  The Settlement Agreement is not intended to prevent members of the Settlement Class from participating in any action or investigation initiated by a state or federal agency.

26.     The Court reserves the right to adjourn or continue the Fairness Hearing, or any further adjournment or continuance thereof, without further notice other than announcement at the Fairness Hearing or at any adjournment or continuance thereof, and to approve the Settlement with modifications, if any, consented to by the Class Counsel and Defendants' Counsel without further notice.

27.     All pretrial proceedings in the Action are stayed and suspended until further order of this Court.

28.     In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved in all material respects by the Court, or such approval is reversed, vacated *nunc pro tunc*, or modified in any material respect by the Court or by any other court, the certification of the Settlement Class shall be deemed vacated, the Action shall proceed as if the Settlement Class had never been certified, and no reference to the Settlement Class, the Settlement Agreement, or any documents,

communications, or negotiations related in any way thereto shall be made for any purpose in the Action or in any other action or proceeding.

29.     Neither the Settlement Agreement, nor any of its provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, this Preliminary Approval Order, or the Final Order and Judgment), negotiations, or proceedings relating in any way to the Settlement, shall be construed as or deemed to be evidence of an admission or concession by any person, including Defendants, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or Court order.

Dated: Crt hi43, 2016          """"""""""""""""""""" 

**Hon. Edward J. Davila**

**United States District Judge**