UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL VILLA, On Behalf of Himself and All Others Similarly Situated,<br><br>*Plaintiff,*<br><br>v.<br><br>SAN FRANCISCO FORTY-NINERS, LTD., et al.<br><br>*Defendant.* | Case No.: 5:12-cv-05481-EJD<br><br>~~[PROPOSED]~~ ORDER GRANTING AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARD<br><br>Judge:  Hon. Edward J. Davila<br>Courtroom:  4, 5th Floor<br>Hearing Date:  November 17, 2016<br>Hearing Time:  9:00 am |

Plaintiffs' counsel has moved the Court to: (1) award them a fee of $1,522,815.00 in reasonable attorneys' fees; (2) reimburse them $847,184.64 for out-of-pocket expenses; and to (3) award the named plaintiff, Michael Villa, who served as class representative, a payment, usually called an "incentive award" of $5,000.00. Plaintiffs' counsel base their request on a motion and several declarations (See Dkt No. 159) that outline the work performed from inception through final resolution. After four years of litigation against 33 defendants, in which hundreds of thousands of pages of discovery from all defendants were produced and reviewed, four expert economists and survey experts were employed and deposed, and numerus fact depositions were

1

taken and defended in this or a parallel competitor antitrust case, Plaintiff Michael Villa and his counsel successfully negotiated a classwide settlement to which the Court has already granted preliminary approval, (See Dkt. No. 155), and to which the Court is granting Final Approval in a separate Order.  This settlement was made possible, because of the time and effort that Plaintiffs' counsel invested into this case.  They successfully defeated Defendants' motion to dismiss and separate motion for partial judgment on the pleadings as to all the money damages claims, briefed and argued several law and motion matters including a motion for class certification and a motion for partial summary judgment.  For all of their hard work, Plaintiffs' counsel's motion for attorneys' fees actually represents approximately a 0.90 "negative multiplier" relative to their lodestar.

A hearing was held on November 17, 2016, and this matter came before the Court to determine, *inter alia*, whether to award Counsel the requested fee, cost reimbursements, and the plaintiff incentive award.  The combined motion for the fee award, cost reimbursements, and plaintiff incentive award were unopposed by any of the Defendants.

The Court, having carefully reviewed and considered Plaintiffs' motion for attorneys' fees, expenses, and incentive awards (Dkt. No. 159) hereby makes the following findings and enters this Order determining and Ordering that:  Plaintiffs' motion for an award of attorneys' fees, expenses, and incentive award is GRANTED.  Accordingly, good cause appearing therefor, it is:

ORDERED, ADJUDGED AND DECREED that:

1. The Court has jurisdiction over the subject matter of this litigation, and all actions within this litigation, and over the parties to the Settlement Agreement.
2. The Court hereby awards Plaintiffs' Counsel attorneys' fees in the amount of $1,522,815.00.
3. The Court hereby awards Plaintiffs' Counsel their litigation costs and expenses in the amount of $847,184.64.
4. The Court hereby awards to Michael Villa an incentive award in the amount of $5,000.00.

5. In Ordering the foregoing fee, expense, and incentive awards, the Court hereby finds that the attorneys' fees requested by Class Counsel are fair and reasonable, reflect the work performed by Class Counsel in securing the results achieved by way of the classwide settlement, and take into account the risks of non-payment, loss, and delay in securing any payment that Class Counsel faced by undertaking this challenging antitrust case on a contingent fee basis while advancing all of Plaintiff's costs and fees associated with the litigation.

6. In determining that the attorneys' fees award sought by Class Counsel is fair and reasonable and should be approved, the Court has undertaken a lodestar analysis based on the arguments of counsel as set forth in the Motion for Attorneys' Fees, Reimbursement of Expenses, and Approval of Incentive Award, as well as the accompanying Declarations of Roy A. Katriel and Ralph B. Kalfayan in support of that motion. The Court hereby finds that the hourly rates, time spent, and tasks performed by Class Counsel were reasonable and fair. The hourly rates sought are consistent with, and supported by, the hourly rates prevailing in the community for attorneys of like experience and qualifications working on similar complex or class action antitrust matters, and the reasonableness of the hours and tasks performed are substantiated not only by the Katriel and Kalfayan Declarations, but also by the Court's own familiarity with the extent and complexity of the filings made during the four-year duration of this case.

7. The Court finds that the lodestar method is the means best suited to gauge the reasonableness of the attorney fee award being sought by Class Counsel, given that the claims asserted and settled are all state law claims brought under California law, California law governs the calculation of the fee award, and California law provides for the use of the lodestar method in such circumstances. Nevertheless, aside from considering the lodestar method, the Court

has also undertaken an independent cross-check of the reasonableness of the fee award by considering the percent-of-the-fund approach. Here, the Court finds that the fee award represents approximately 32% of the $4,750,000.00 common fund created by the fee award, and that such a result obtained by resort to a cross-check affirms the reasonableness of the lodestar result. The percent-of-the-fund result here is consistent with, or less than, the percentages of the fund awarded in other classwide settlements in cases that posed similar or less risk and challenge to Class Counsel.

8. The Court also finds that Class Counsel's entitlement to an enhancement multiplier on their lodestar is governed by California state law. Although Class Counsel do not seek such a multiplier in the first instance, the Court finds that Class Counsel would be entitled to such a multiplier given the contingent fee nature of this four year litigation, the number of different defendants (33) against whom Class Counsel litigated, the complexities and unprecedented nature of the legal claims asserted here, and the outstanding results achieved, including the real potential for full reimbursement and trebling by way of settlement payment for many class members. Thus, Class Counsel's decision not seek a lodestar multiplier in the first instance even when such a multiplier would be available, further confirms the reasonableness of the fee award.

9. The reasonableness of the fee award is further confirmed by the fact that the lodestar sought actually represents an approximately 0.90 negative multiplier on the actual lodestar documented by Class Counsel (excluding any work performed after the filing of their motion for attorneys' fees).

10. The Court also finds that the Class Counsel's requests for reimbursement of expenses is appropriate, fair, and reasonable. The expenses for which reimbursement is sought are itemized in the Katriel and Kalfayan Declarations, represent reasonable and necessary out-

of-pocket expenses that Class Counsel incurred in prosecuting this action without obtaining any reimbursement, and are the type of expenses that would be billed to a paying client and that are routinely recognized as being reimbursable expenses in a classwide settlement.

11. In approving the incentive award sought by named Plaintiff Mr. Villa, the Court finds that Mr. Villa's efforts and assumption of unique responsibilities during this litigation materially advanced the successful resolution of this litigation.  Mr. Villa devoted significant efforts and resources throughout his involvement as a named plaintiff in this case, including traveling to and attending a full day deposition session, producing his NFL Apparel for inspection by Defendants, providing discovery responses and documentation, and otherwise meeting and interacting with Class Counsel.  The $ 5,000 incentive award amount sought is one that this Court has previously approved in other cases as presumptively reasonable, and the Court finds no reason to depart from that finding in this action.

12. Class Counsel's Motion For Attorneys' Fees, Reimbursement Of Expenses, and Approval Of Incentive Award was filed on the Court's public electronic docket on July 18, 2016. Within two days of that filing, electronic copies of the motion and the supporting Declarations of Roy A. Katriel and Ralph B. Kalfayan were posted on the settlement website established by the Settlement Administrator.  The Court has considered any and all timely objections filed to the motion, and hereby expressly overrules any and all such objections. For the reasons set forth in this Order, the Court finds that the fees, expenses, and incentive award sought are all fair and reasonable.

13. By separate Order, the Court is granting Final Approval to the Settlement Agreement.  As part of that Settlement Agreement and the Court's separate Order granting Final Approval, the Court approves the creation of a Settlement Trust as that term is defined in Section 1.55 of the Settlement Agreement.  Within the timelines set forth in Section 12.4 of the Settlement

Agreement, the Settlement Administrator shall cause the attorneys' fees and expense award amounts awarded in this Order to be paid from the Settlement Trust for the benefit of Class Counsel or such assignees as Class Counsel may provide in writing to the Settlement Administrator. Within the timelines set forth in Section 12.4 of the Settlement Agreement, the Settlement Agreement shall cause the incentive award amount approved in this Order to be paid from the Settlement Trust for the benefit of named plaintiff Michael Villa.

14. Class Counsel are to allocate the attorneys' fees and expense reimbursement amounts among themselves as called for by the agreement of Class Counsel. No Defendant shall have any responsibility or liability for payment of any attorneys' fees, expenses, or incentive award beyond the amounts expressly approved in this Order. Without affecting the finality of this Order in any way, the Court hereby retains continuing and exclusive jurisdiction over any dispute that may arise regarding the payment, allocation, or disposition of any attorneys' fees, expenses, or incentive awards awarded as part of this Order.

**IT IS SO ORDERED.**

Dated: __November 17__, 2016

_____
Hon. Edward J. Davila,
United States District Judge