**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MICHAEL VILLA, On Behalf Of Himself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SAN FRANCISCO FORTY NINERS, LTD., ET AL.,<br><br>Defendants. | Case No. 12-CV-05481-EJD<br><br>**~~[PROPOSED]~~ ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**<br><br>**Hon. Edward J. Davila**<br>**Courtroom: 4, 5th Floor**<br>**Hearing Date: November 17, 2016**<br>**Hearing Time: 9:00 am** |

Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement was heard by the Court on November 17, 2016, at 9:00 a.m. Appearances were noted for the record. The Court has reviewed the materials submitted by the parties and has heard arguments presented at the hearing. For the reasons cited on the record as well as those stated hereinafter, the Court finds and orders as follows:

The Court, having considered the documents filed by the Parties in connection with the class action settlement and the arguments of counsel, hereby grants final approval of the Settlement and HEREBY ORDERS AND MAKES THE FOLLOWING DETERMINATIONS:

1. The Settlement Agreement is incorporated herein by reference, and except as otherwise specified, the Court for purposes of this Final Approval Order adopts all defined terms set forth in the Settlement Agreement.

2. This Court has personal jurisdiction over Plaintiff, all named Defendants, and all Class Members; has jurisdiction over the subject matter of this litigation and all claims raised in this action and released in the Settlement Agreement; and has subject matter jurisdiction to approve the Settlement Agreement, including all exhibits thereto.

3. Pursuant to this Court's Preliminary Approval Order entered on April 21, 2016 [Dkt. No. 155], the Notice of the pendency and proposed Settlement of this Action ("Notice") was published in various California newspapers and disseminated through various online channels. The Notice advised the Class Members of the pertinent terms of the proposed settlement; namely, the claims to be resolved by way of the settlement, the consideration provided in exchange for release of claims, the proposed class representative incentive awards and the maximum amount for attorney's fees and litigation costs. It further informed the Settlement Class Members of the manner in which to request exclusion or to object to the Settlement, the deadlines for each, and their right to appear in person or by counsel at the final approval hearing. Adequate periods of time were provided for each of these procedures as set forth in the Settlement Agreement approved by this Court.

4. Also in compliance with the Court's Preliminary Approval Order, the Settlement Administrator caused an informational settlement website to be established at

www.nflapparelsettlement.com. The website allows the public the opportunity to review the Settlement Agreement, the Court's Preliminary Order, the Notice, as well as to validate whether they may be entitled to relief under the Settlement, and to download a Claim Form. The website also provides background and answers to common questions about the Settlement, deadlines, and ongoing updates to the class regarding the status of Settlement approval and whether the Effective Date has come to pass.

5. The Court finds and determines that the Notice and Notice Plan implemented pursuant to the Settlement Agreement were reasonably calculated, under the circumstances, to apprise the Class Members of the pendency of the action, their right to object or to exclude themselves from the Settlement Class, to appear at the Fairness Hearing, and of their right to seek monetary release; that the Notice and Notice Plan implemented pursuant to the Settlement Agreement were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and that the Notice and Notice Plan implemented pursuant to the Settlement Agreement afforded adequate protections to Class Members and provide the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of the Class Members. The Court finds and determines that the notice provided in this case was the best notice practicable under the circumstances, and that it satisfied all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, the rules of the Court, and any other applicable law. The Court also approves the Claim Form that was distributed to members of the Settlement Class.

6. As of the date of this hearing, there were no objections to the Settlement filed with the Court. The deadline for filing such objections was August 19, 2016. Accordingly, the Court finds that no Class Member has submitted a valid objection.

7. As of the date of this hearing, there were no requests for exclusion from the Settlement Class received by either the Claims Administrator, Class Counsel, Counsel for Defendants, or the Court. The deadline for postmarking such requests for exclusion was August 19, 2016. Accordingly, the Court finds that no one has submitted a valid request for exclusion, and that no one has excluded themselves from the Settlement Class.

8. The Court finds and determines that the terms of the Settlement are fair, reasonable and adequate as to, and in the best interests of, the Settlement Class; that such terms are consistent and in compliance with all requirements of due process and applicable law; that the Settlement is ordered finally approved; and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated. The Court finds that Plaintiff faced significant risks in litigating this case, and that the Settlement provides a fair amount of relief for Class Members' claims. The Court also finds that the Settlement Agreement was reached as a result of informed and non-collusive arms-length negotiations. In addition to the reasons set forth in the Court's statements in the Preliminary Approval Order [Dkt. 155]) and above, the fact that no Class Members objected to the Settlement, and no Class Members requested exclusion from the Settlement Class, further supports the Court's finding that the Settlement is fair, reasonable, and adequate.

9. The Parties are hereby ordered to implement and consummate the Settlement Agreement according to its terms and provisions.

10. Solely for purposes of effectuating this Settlement, this Court certifies a Settlement Class, as defined in Sections 2.2 namely:

> All Persons nationwide who made an Eligible Purchase except for the Excluded Persons ("Settlement Class"). As used in this Agreement, the term "Eligible Purchase" means a purchase made in California at retail for personal use and not for resale or for other commercial gain, during the Class Period, of a licensed jersey, hat, or pair of shoes bearing the Intellectual Property of the NFL, NFLP and/or an NFL Club or Clubs. A purchase shall be deemed "made in California" if (a) the purchaser was resident in the State of California at the time of purchase; (b) the purchaser was physically present in the State of California at the time of purchase; or (c) the item was purchased online for delivery to an address in the State of California.
>
> The term "Excluded Persons" is defined in Section 2.3 of the Settlement Agreement.

11. This Settlement Class was provisionally certified in the Preliminary Approval Order, Dkt. 155. With respect to the Settlement Class and for purposes of approving this Settlement only, this Court finds and concludes that: (a) the Members of the Settlement Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class which predominate over any individual issues; (c)

the claims of Class Representative Michael Villa are typical of the claims of the members of the Settlement Class; (d) the Class Representative has fairly and adequately protected the interests of the members of the Settlement Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) the counsel of record for the Class Representatives, *i.e.*, Class Counsel, are qualified to serve as counsel for Plaintiff in his individual and representative capacity and for the Settlement Class. The Court's findings are based on Plaintiff's motions for preliminary approval and final approval, and on the fact that neither of the Defendants nor any of the member of the Settlement Class have opposed class certification for the limited purpose of the Settlement. The Court recognizes that certification under this Order is for settlement purposes only, and shall not constitute or be construed as an admission by any of the Defendants that this action is appropriate for class treatment for litigation purposes. The Court further finds that the Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement.

12. The Settlement Agreement is not an admission by any of the Defendants or by any other Released Party, nor is this order a finding of the validity of any allegations or of any wrongdoing by Defendants or any Released Party. This order, the Settlement Agreement, the Settlement, and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence, a presumption, a concession, or an admission of (i) liability, (ii) any misrepresentation or omission in any statement or written document approved or made by Defendants or any Released Party, or (iii) the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference may be made to the Settlement Agreement and the Settlement in such proceedings as may be necessary to effectuate the Settlement Agreement.

13. All Settlement Class Members were given a full and fair opportunity to participate in the Final Approval Hearing, and all members of the Settlement Class wishing to be heard have been heard. Members of the Settlement Class also have had a full and fair opportunity to exclude themselves from the Settlement and the Settlement Class. Accordingly, this Order expressly incorporates the Release, makes the Release effective as of the Effective Date, and forever

discharges and releases the Released Parties as set forth in Paragraph 6 of the Settlement Agreement. Every Class Member shall be bound by the Settlement Agreement and be deemed to release and forever discharge all Released Claims and as outlined in Sections 6.1-6.6 of the Settlement Agreement. The Court adjudges the Class Representative and the Settlement Class to have conclusively compromised, settled, dismissed, and released this Action and any and all Released Claims against Defendants and the Released Parties. The Settlement Agreement shall be binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings encompassed by the Release and/or that are based, in whole or in part, on the Released Claims. To effectuate the Settlement, the Court hereby orders that all Releasing Parties are barred, enjoined, and restrained from commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on the Released Claims.

14. The Court resolves Class Counsel's Motion For An Award Of Attorneys' Fees, Reimbursement Of Costs And Expenses, And Approval Of An Incentive Award [Dkt. No. 159] by separate Order.

15. The Court hereby approves the Parties' joint request for the creation of the Settlement Trust, as memorialized in substantial form in Exhibit 1 to the Declaration of Roy A. Katriel In Support Of Plaintiff's Unopposed Motion For Final Approval, and approves the Parties' joint request to appoint Huntington Bank as the Settlement Trustee. The Settlement Trustee may be replaced by Court approval at the joint request of the Parties.

16. The Parties may, without further approval from the Court, agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and exhibits thereto as (i) are consistent in all material respects with this Final Order and the Final Judgment and (ii) do not limit the rights of the Parties or Class Members. Without affecting the finality of the Final Judgment for purposes of appeal, the Court retains jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Final Judgment and for any other necessary purpose.

17. The Court enters judgment and dismissal of the entire action (including all

individual claims and Settlement Class claims) as to all Defendants on the merits and with prejudice, as of the filing date of entry of this final order, without fees or costs to any Party except as expressly provided in Paragraphs 3.1 and 12.2-12.4 of the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: November 17, 2016

HON. EDWARD J. DAVILA,
UNITED STATES DISTRICT JUDGE